UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL A. DANNENBERG,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

Case No. 1:09-CV-811

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff objects to the magistrate judge's Report and Recommendation, issued August 10, 2010, upholding the Commissioner's determination that Plaintiff is not entitled to disability insurance benefits and Supplemental Security Income. Having conducted a *de novo* review of the Report and Recommendation, Plaintiff's objections, Commissioner's response, and relevant portions of the record, the Court concludes that the Report and Recommendation should be adopted.

For the most part, Plaintiff's objections simply reiterate the same issues and arguments raised in his appellate brief. Plaintiff argues that the Administrative Law Judge (ALJ) who reviewed his claim presented an incomplete hypothetical to the vocational expert (VE) and violated the treating physician rule in rejecting the opinions of Plaintiff's treating psychologist. Plaintiff also requests a remand for consideration of new evidence pursuant to sentence six of 42 U.S.C. § 405(g).

Plaintiff contends that the hypothetical question the ALJ presented to the VE was incomplete because it omitted the fact that Plaintiff suffers from unpredictable seizures and headaches. As to the seizure issue, the magistrate concluded that the hypothetical properly accounted for his seizure limitations because it assumed that the individual "should avoid all use of moving machinery and all exposure to unprotected heights." (A.R. at 59.) With his objections, Plaintiff adds only that the stated limitation was insufficient because, if one suffers from seizures, it is always relevant to

employability, even in jobs that do not involve machinery or unprotected heights. In support, Plaintiff cites *VanVolkinburg v. Commissioner of Social Security*, No. 1:06-cv-606, 2008 WL 922292, at *7 (W.D. Mich. Mar. 31, 2008), in which the court remanded for further factual findings because the hypothetical presented to the VE failed to account for the impact of plaintiff's seizure disorder on probable absences from work.

Although the ALJ must present a hypothetical that accounts for the limitations supported by the record, including regular absences from work, the record in this case does not support that Plaintiff is likely to have significant absences from work due to his seizure disorder. On the contrary, the record shows that Plaintiff's disorder is adequately controlled by medication. (A.R. at 449, 462, 478.) Plaintiff's treating neurologist, Dr. Timothy Wei, testified that, although breakthrough seizures are possible if he misses doses of his medication or engages in alcoholic behavior, Plaintiff otherwise suffers from seizures "once a year at most." (A.R. at 462.) The ALJ concluded that the medical evidence did not support Plaintiff's claimed seizure frequency and specifically noted inconsistency in the Plaintiff's own statements relating to seizure activity. (A.R. at 15.) The ALJ "may properly consider the credibility of a claimant when making a determination of disability" and "can present a hypothetical to the VE on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). Therefore, the Court rejects Plaintiff's argument that the hypothetical was incomplete as to Plaintiff's seizure limitations.

Plaintiff also argues that the hypothetical was incomplete because it failed to account for Plaintiff's need to take time off from work due to headaches. Specifically, Plaintiff contends that the hypothetical should have been limited to jobs that would allow the individual to stop working for thirty minutes to three hours whenever a headache strikes. In support, Plaintiff cites only the testimony of Dr. Wei, which suggested that Plaintiff may have trouble working during a major

headache. (A.R. at 464-65.) The magistrate concluded, and this Court agrees, that the ALJ did not err in this regard. The ALJ noted that although Plaintiff claims to have debilitating headaches, he does not require a prescription for headache control and Dr. Wei's own notes from October 2008 indicate that his headaches were sporadic and that lying down or distracting himself helped them to go away. (A.R. at 15.) In addition, the ALJ cited Plaintiff's varied and extensive daily activities, which include, among other things, hunting, fishing, cooking, cleaning, grocery shopping, and driving, as further support that his symptoms are not as debilitating as he suggests. (A.R. at 15-16.) Moreover, the hypothetical was limited to jobs involving one or two-step tasks, little decision-making, and no interaction with the public or co-workers. (A.R. at 59.) Therefore, the Court finds that the hypothetical adequately accounted for the limitations relating to both Plaintiff's seizure and headache issues.

Next, Plaintiff asserts that the ALJ violated the treating physician rule by rejecting the opinions of Plaintiff's treating psychologist, Dr. Michael Lawrence. In his decision, the ALJ first noted that Dr. Lawrence assigned Plaintiff Global Assessment Functioning (GAF) scores ranging from 38 to 64, and that the GAF score assigned by the consulting psychologist of 52 was in the "mid-range" of Dr. Lawrence's assessments. (A.R. at 16.) Considering a mid-range GAF score, Dr. Lawrence's statements that Plaintiff was moving in with his cousin and seeking part-time employment, Plaintiff's varied and extensive daily activities, and his treatment and medical history, the ALJ concluded that Plaintiff had the residual functional capacity (RFC) to perform jobs involving one or two-step tasks, low-stress, and no interaction with the public or co-workers. The ALJ then rejected Dr. Lawrence's opinion to the contrary – that Plaintiff was not capable of sustaining any full-time employment – noting that "although he is a treating medical source, he has not considered all the factors that I must consider for Social Security purposes. Indeed, the doctor has not considered those jobs within the claimant's residual functional capacity which involve only one or two steps and where the claimant can work alone." (A.R. at 16.)

3

In his original brief and objections, Plaintiff acknowledges that the ALJ was not required to accept Dr. Lawrence's opinion that Plaintiff was not capable of sustaining full-time work because it is a legal conclusion that is not binding on the Commissioner. *See* 20 C.F.R. § 404.1527(e)(1) and *Crisp v. Sec'y of Health and Human Servs.*, 790 F.2d 450, 452 (6th Cir. 1986). But, Plaintiff asserts, the ALJ erred in not giving controlling weight to Dr. Lawrence's other statements opining that Plaintiff suffers from "marked" limitations in social interactions, concentration, and attendance. (A.R. at 475-76.) As the magistrate noted, Plaintiff attempts to compare Dr. Lawrence's statements in this regard to those in the mental RFC assessment completed by the non-examining consultant, Dr. John Pai, to which Dr. Lawrence referred in giving his sworn statement. (A.R. at 312-14, 475-76.) Dr. Lawrence's opinions did not amount to a mental RFC assessment, however, and even if they had, the ALJ would not have been bound by it. 20 C.F.R. § 404.1527(e)(2) (explaining that a claimant's RFC is an issue reserved to the Commissioner). Moreover, this Court agrees with the magistrate's conclusion that the ALJ articulated good reasons for rejecting Dr. Lawrence's opinions and assigning Plaintiff the RFC that he did. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004) (explaining that the ALJ must articulate "good reasons" for not crediting the opinion of a treating source). In finding that Plaintiff is capable of a limited range of sustained work, the ALJ specifically referenced a mid-range GAF score, Plaintiff's treatment and medication history, and extensive daily activities. In addition, the RFC restricted Plaintiff to simple, low-stress jobs with no interaction with the public or co-workers, thereby accounting for any limitations relating to socializing and concentration issues. Therefore, the Court agrees with the magistrate's conclusion that the ALJ did not violate the treating physician rule.

Finally, Plaintiff requests a sentence six remand based upon a seizure he suffered in February 2009 that he claims was not due to drinking or failure to take his medication, and which, he asserts, "belies the ALJ's attempt to blame all the seizures on such causes." 42 U.S.C. § 405(g) (authorizing

4

remand "upon a showing that there is new evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding.") (emphasis added). The magistrate concluded that Plaintiff had not established materiality because the ALJ was aware of the possibility of "breakthrough" seizures, yet still deemed Plaintiff not disabled due to his ability to perform some 56,000 jobs. (Report and Recommendation at 15.) Thus, the magistrate concluded that Plaintiff failed to "demonstrate a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff's objections regarding remand are an exact replica of his original brief save for one sentence, which states, "In short, since the new seizure would have led an unbiased ALJ to change his mind about the significance of the seizures, it was 'material.'" (Pl. Objections at 18.) For the same reason the magistrate articulated, the Court rejects Plaintiff's argument. As such, the Court need not address the magistrate's further conclusion that Plaintiff also failed to establish "good cause." (Report and Recommendation, at 15.) Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket no. 11) is **ADOPTED** as the Opinion of the Court. The Commissioner's decision is **AFFIRMED**.

This case is closed.


Dated: December 10, 2010                              /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE